UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

QUINNDALE POLK,

        Plaintiff,

    -v-

CORRECTION OFFICER ANTHONY J.
OLLES, CORRECTION OFFICER SEAN P.
WHITE, and LIEUTENANT RICHARD E.
SIMMONS,

        Defendants.

DECISION AND ORDER
12-CV-1106F



## **INTRODUCTION**

Plaintiff, a prisoner proceeding *pro se*, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and has both met the statutory requirements and furnished the Court with a signed Authorization. Accordingly, plaintiff's request to proceed as a poor person is hereby granted.

In addition, plaintiff's complaint has been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2) and 1915A criteria. Plaintiff claims that the defendants confiscated legal materials from him in 2011 that have not been returned. He alleges that defendants' actions have interfered with his ability to access the courts.

Plaintiff has also filed a motion to appoint counsel, and a motion to amend the case caption to indicate that he is bringing suit against defendants in both their individual and official capacities.

For the reasons discussed below, plaintiff is directed to file an amended complaint. If plaintiff does not file an amended complaint, his complaint will be dismissed with

prejudice. Plaintiff's motion to appoint counsel is denied. Plaintiff's motion to amend the caption is granted to allow plaintiff to name defendants in his original complaint in their individual capacities, but is denied to the extent that plaintiff may not maintain an action against defendants in their official capacities.

## DISCUSSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), therefore, plaintiff is granted permission to proceed *in forma pauperis*.

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636 (2d Cir. 2007).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*). "A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson*, 551 U.S. at 94 (internal quotation marks and citations omitted).

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.'" *Abbas*, 480 F.3d at 639 (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam)).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

For the reasons discussed below, plaintiff is directed to file an amended complaint. Plaintiff's complaint will be dismissed with prejudice if he does not file an amended complaint.

**Access to the Courts**

Plaintiff claims that the defendants confiscated legal papers from him on June 5, 2011 at Attica during a cell search. He subsequently received a disciplinary charge alleging he was in possession of unauthorized materials found in his legal documents. A hearing was held and he was found guilty of the charge, however, the guilty disposition was later administratively reversed.

Plaintiff states that the legal papers have not been returned to him. He presents information indicating that the defendants state that they did return the papers. This claim

is subject to dismissal because plaintiff has not stated sufficient facts to support the claim. Plaintiff will be given an opportunity to file an amended complaint.

Plaintiff appears to be presenting a claim of denial of access to the courts and has not raised other claims. Plaintiff's confiscated papers appear related to his criminal conviction. He states that without the missing papers, he "can no longer do any work on direct appeal nor work on any post conviction proceeding for which he was doing research and gathering legal notes and cases for both, nor could he properly communicate with counsel on issues within his case which he want done." Plaintiff lists the content of the missing papers as "trial transcripts consisting of 1,500 pages, witness statements, police reports, videotape transcripts, lab reports, autopsy reports, attorney motions, District Attorney motions, Indictment Sheet, criminal rap sheet, Legal notes from research, cases from research, photos...." He does not state the status of a direct appeal of his criminal conviction or of any collateral post conviction proceedings.

The Court reviews plaintiff's claims as an access to court claim. "Prisoners...'have a constitutional right of access to the courts, ..., grounded, as relevant to prisoners, in the constitutional guarantees of equal protection and due process.'" *Bourdon v. Loughren*, 386 F.3d 88, 92 (2d Cir. 2004) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977); accord *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Murray v. Giarratano*, 492 U.S. 1, 11 n. 6 (1989); see also *Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002), the mere limitation of access to legal materials, without more, does not state a constitutional claim, as "'the Constitution requires no more than reasonable access to the courts.'" *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (quoting *Pickett v. Schaefer*, 503 F. Supp. 27, 28 (S.D.N.Y. 1980)).

4

In order to state a constitutional claim, a plaintiff must make a showing that he has suffered, or will imminently suffer, actual harm; that is, that he was "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). *Accord Morello v. James*, 810 F.2d 344, 347 (2d Cir. 1987). Plaintiff must show that he has suffered an actual injury traceable to the challenged conduct of the defendant. A plaintiff has not shown actual injury unless he shows that a "nonfrivolous legal claim had been frustrated or was being impeded" due to the actions of prison officials. *Lewis*, 518 U.S. at 351-52. "Mere 'delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation.'" *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (quoting *Jermosen v. Coughlin,* 877 F.Supp. 864, 871 (S.D.N.Y. 1995) (citations omitted)).

Plaintiff does not provide sufficient allegations of suffering an "actual injury" as a result of the defendants' action. While plaintiff has stated what papers were taken from him, he has not provided information as to how his criminal appeal or post conviction efforts have been harmed by the taking of the papers.

Plaintiff will be given an opportunity to file an amended complaint that includes allegations of actual injury. In plaintiff's amended complaint he should provide additional information to support his claim. Relevant information would include whether plaintiff missed any court deadlines, missed an opportunity to bring certain claims because he did not have access to his papers, or any additional information showing actual harm to the plaintiff. Plaintiff should also provide information indicating that the claim he was attempting to bring was not frivolous. If plaintiff's claim relates to a direct appeal of his criminal conviction or to collateral post conviction proceedings, he should provide additional

information about the status of those matters and how defendants' actions harmed him in those actions.

Plaintiff is advised that a "conclusory allegation ... without evidentiary support or allegations of particularized incidents, does not state a valid claim." *Butler v. Castro*, 896 F.2d 698, 700 (2d Cir. 1990). In his amended complaint, plaintiff should provide sufficient facts to support his claim. Conclusory statements will be insufficient to state a valid claim.

Plaintiff is advised that the amended complaint must include the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. The amended complaint is intended to **completely replace** the previously filed pleadings referenced above. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations he intends to bring against each of the defendants regarding the claims he is permitted to raise in the amended complaint, so that the Court may review one pleading under the screening requirements of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and the amended complaint may stand alone as the sole complaint for review in this action.

If plaintiff does not file an amended complaint, his complaint will be dismissed with prejudice.

**Plaintiff's Motion to Amend the Caption**

Plaintiff has filed a motion to amend the case caption to note that he is bringing suit against defendants in both their individual and official capacities (Docket No. 4).

The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. See *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984). It is well-settled that states are not "persons" under § 1983, and thus Eleventh Amendment immunity is not abrogated by that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-67 (1989). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiff may therefore sue the defendants in their official capacity only if they consent to be sued. *Pennhurst,* 465 U.S. at 99-101, 104. Since none of the defendants have consented, the Eleventh Amendment bars the plaintiff's suit against the defendants in their official capacities.

The motion to amend the caption (Docket No. 4) is granted to allow plaintiff to name defendants in their individual capacities in his original complaint, but is denied to the extent that plaintiff may not maintain an action against defendants in their official capacities.

**Plaintiff's Motion for Appointment of Counsel**

Plaintiff has filed a motion requesting appointment of counsel (Docket No. 3). There is insufficient information before the Court at this time to make the necessary assessment of plaintiff's claims under the standards promulgated by *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), as issue has yet to be joined. Plaintiff has been directed, by way of this Order, to file an amended

7

complaint for Court review. Therefore, plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915 and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff is directed to file an amended complaint by **February 20, 2013** for review by the Court. Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)(1). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B) and 1915A. See 28 U.S.C. § 1915(g).

Plaintiff's motion to amend the caption is granted to allow plaintiff to name defendants in their individual capacities in his complaint, but is denied to the extent that plaintiff may not maintain an action against defendants in their official capacities. Plaintiff's motion for appointment of counsel is denied without prejudice at this time.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **February 20, 2013**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this Order a copy of the complaint (Docket No. 1), a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **February 20, 2013**, the complaint will be dismissed with prejudice without further order of the Court;

FURTHER, that plaintiff's motion to amend the caption (Docket No. 4) is granted to allow plaintiff to name defendants in their individual capacities in his complaint, but is denied to the extent that plaintiff may not maintain an action against defendants in their official capacities;

FURTHER, that plaintiff's motion for appointment of counsel (Docket No. 3) is denied without prejudice at this time; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **February 20, 2013**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: JAN. 18, 2013
Rochester, New York

*Charles Siragusa*
CHARLES J. SIRAGUSA
United States District Judge