UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

QUINNDALE POLK,

        Plaintiff,

   -v-

CORRECTION OFFICER ANTHONY J. OLLES,
CORRECTION OFFICER SEAN P. WHITE,
LIEUTENANT RICHARD E. SIMMONS, and
PAUL CHAPPIUS, JR., Deputy Superintendent
of Security,

        Defendants.

12-CV-1106F
ORDER



---

## INTRODUCTION

By Order dated January 18, 2013, plaintiff was directed to file an amended complaint or his complaint would be dismissed with prejudice (Docket No. 5). Further, plaintiff was advised that he may not maintain his claims against defendants in their official capacities.

Plaintiff has filed an amended complaint which the Court reviews pursuant to the 28 U.S.C. §§ 1915(e)(2) and 1915A criteria (Docket No. 6). For the reasons discussed below, plaintiff will be given an opportunity to file a second amended complaint. If plaintiff does not file a second amended complaint, the amended complaint will be dismissed with prejudice. Further, plaintiff is again advised that he may not bring his claims against defendants in their official capacities.

## DISCUSSION

Plaintiff alleged in his initial complaint that defendants confiscated legal materials from him in 2011 that have not been returned and that defendants' actions interfered with

his ability to access the courts (Docket No. 1). The Court directed plaintiff to file an amended complaint. Plaintiff was advised that in order to adequately allege interference with access to the Court, he must allege that he has suffered, or will imminently suffer, actual harm; that is, that he was "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). *Accord Morello v. James*, 810 F.2d 344, 347 (2d Cir. 1987).

Plaintiff was also advised that relevant information to include in his amended complaint would include whether plaintiff missed any court deadlines, missed an opportunity to bring certain claims because he did not have access to his papers, or any additional information showing actual harm to the plaintiff. Additionally, plaintiff was advised to provide information indicating that the claim he was attempting to bring was not frivolous. Plaintiff was also advised that if defendants' interference related to his attempts to file a direct appeal of his criminal conviction or collateral post conviction proceedings, he should provide additional information about the status of those matters and how defendants' actions harmed him in those actions.

Plaintiff's amended complaint does not contain sufficient information for the amended complaint to go forward. In sum, plaintiff states that the confiscated materials consist of trial transcripts, witness statements, police reports, videotape transcripts, lab reports, autopsy reports, motions made in his case, indictment sheet, criminal rap sheet, photos, legal notes from research and cases. Plaintiff alleges that the materials cannot be replaced but does not provide allegations to support this statement.

Plaintiff describes defendants' confiscation of a significant amount of legal work he had conducted. Plaintiff does not, however, allege how he was actually harmed by

defendants' actions, as opposed to significantly inconvenienced. Although directed to do so, plaintiff does not state if he filed the request for post conviction relief, if he missed any court deadlines, if he was prevented from bringing certain claims forward, and if he had nonfrivolous claims that were prevented from going forward. If plaintiff was inconvenienced, or delayed in bringing his claims, this is not alone sufficient to establish a constitutional claim of interference with access to the Court. *See Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002) (citing cases). The mere limitation of access to legal materials, without more, does not state a constitutional claim, as " 'the Constitution requires no more than reasonable access to the courts.' " *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (quoting *Pickett v. Schaefer*, 503 F. Supp. 27, 28 (S.D.N.Y. 1980)).

In addition, plaintiff was advised by the Court that he cannot maintain his claims against defendants in their official capacities. Plaintiff's amended complaint, however, includes official capacity claims against defendants.

Plaintiff will be given an opportunity to file a second amended complaint that includes allegations of actual injury. As plaintiff was previously advised, conclusory statements standing alone are insufficient to allege actual injury. *Butler v. Castro*, 896 F.2d 698, 700 (2d Cir. 1990). In plaintiff's second amended complaint he should provide the information requested in this Order and in the Court's prior Order indicating the actual injury that he suffered from defendants' actions.

Plaintiff is advised that the second amended complaint must include the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. The second amended complaint is intended to **completely replace** the previously filed pleadings referenced above. "It is

3

well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's second amended complaint must include all of the allegations he intends to bring against each of the defendants regarding the claims he is permitted to raise in the second amended complaint, so that the Court may review one pleading under the screening requirements of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and the second amended complaint may stand alone as the sole complaint for review in this action.

If plaintiff does not file a second amended complaint, his amended complaint will be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, plaintiff is directed to file a second amended complaint by **June 25, 2013** for review by the Court. Plaintiff is forewarned that if he fails to file a second amended complaint as directed, the amended complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)(1). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

Plaintiff is again advised that in his second amended complaint he may only name the defendants in their individual capacities and may not maintain his claims against defendants in their official capacities.

4

## ORDER

IT HEREBY IS ORDERED, that plaintiff is granted leave to file a second amended complaint as directed above by **June 25, 2013**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this Order a copy of the amended complaint (Docket No. 6), a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file a second amended complaint as directed above by **June 25, 2013**, the amended complaint will be dismissed with prejudice without further order of the Court;

FURTHER, that plaintiff's second amended complaint may include claims against defendants only in their individual capacities and may not include claims against defendants in their official capacities; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file a second amended complaint by **June 25, 2013**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
JOHN T. CURTIN
United States District Judge

DATED: 5/22, 2013
Buffalo, New York