UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

QUINNDALE POLK,

                              Plaintiff,

v.                                            **DECISION AND ORDER**
                                                              12-CV-1106S

ANTHONY J. OLLES, et al.,

                              Defendants.

      1.      This action, filed by an inmate seeking damages for alleged violations of constitutional rights pursuant to 42 U.S.C. § 1983, was previously referred to the Honorable Leslie G. Foschio, United States Magistrate Judge, to, among other things, hear and report upon dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Defendants filed a motion for summary judgment seeking dismissal of Plaintiff's claims in their entirety on March 31, 2015. (Docket No. 32.) On December 29, 2015, Judge Foschio filed a Report and Recommendation recommending that Defendants' motion for summary judgment be granted. (Docket No. 38.) Presently before this Court are Plaintiff's objections to that Report and Recommendation. (Docket No. 39.)

      2.      Plaintiff objects to the Report and Recommendation only to the extent that it recommends dismissal of Plaintiff's First Amendment access to courts claim. Plaintiff argues that the removal of legal documents from his cell, including a substantially completed draft of a New York Criminal Procedure Law Article 440 post-conviction motion ("440 motion") that he intended to incorporate into a collateral appeal, resulted in an actual injury and violated his First Amendment right to court access. Having reviewed the Report and Recommendation *de novo* after considering the Plaintiff's

1

objections and the parties' submissions, see 28 U.S.C. § 636(b)(1), this Court denies the objections and concurs with the findings and recommendations contained in the Report and Recommendation.

   3. Plaintiff contends that Judge Foschio failed to address Plaintiff's injury, an alleged missed deadline. In sum, Plaintiff argues that the confiscation of his papers in June 2011 disrupted his legal strategy: he had intended to file a *pro se* 440 motion and, if it was denied in sufficient time, consolidate an appeal of that denial into a direct appeal being prepared by his assigned counsel. Plaintiff claims that, because the papers were not returned, he was unable to file his 440 motion (and have it be heard, and denied) before his assigned counsel perfected his direct appeal on March 29, 2013. As Judge Foschio correctly assessed, this does not amount to an actual injury. The "deadline" was neither statutory nor court-imposed. See Icesom v. Dalsheim, No. 82 CIV 5112 (LBS), 1984 WL 1246, at *2 (S.D.N.Y. Nov. 16, 1984) ("The inability to comply with a statutory or court-imposed deadline is precisely the kind of injury or prejudice that courts have referred to in determining if an inmate has actually been denied access to courts."). Instead, the missed deadline is one that Plaintiff appears to have set for himself as part of his legal strategy, leaving his alleged injury analogous to a delay, and "[m]ere delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003) (internal quotation omitted). Accordingly, the objections are denied, and the Report and Recommendation is accepted in its entirety.

   IT HEREBY IS ORDERED that the December 29, 2015 Report and

Recommendation (Docket No. 38) is ACCEPTED;

FURTHER, that Plaintiff's objections (Docket No. 39) are DENIED;

FURTHER, that Defendants' Motion for Summary Judgment (Docket No. 32) is GRANTED and the Complaint is dismissed;

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: February 29, 2016
Buffalo, New York                                          /s/William M. Skretny
                                                            WILLIAM M. SKRETNY
                                                            United States District Judge